Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7997 | **DATE** | 10/1/2004 |
| **CASE TITLE** | Bohanon vs. United States | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Motion to vacate, set aside, or correct sentence under 28 USC § 2255

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Bohanon's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied. See attached.

*Charles R Norgle*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 0 5 2004 | |
| | Notified counsel by telephone. | | date docketed | 7 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BERNARD S. BOHANON,        )
                           )
         Movant,           )    No. 02 C 7997
                           )
         v.                )    Honorable Charles R. Norgle
                           )
                           )    OCT - 5 2004
UNITED STATES of AMERICA,  )
                           )
         Respondent.       )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Bernard Bohanon's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Movant, Bernard Bohanon ("Bohanon"), challenges the length of his sentence for mailing threatening communications. For the reasons stated below, the motion is denied.

## BACKGROUND[1]

In 1991, Bohanon agreed to perform landscaping work at the home of Joe and Mary Walker.[2] In an attempt to assist Bohanon, who appeared to be "down on his luck," the Walkers befriended Bohanon, offering him odd jobs around their house, providing meals for him, and taking him to their church. In response to the Walkers' kindness, Bohanon began to exhibit a

---

[1] A detailed description of the events underlying Bohanon's conviction is recited in United States v. Bohanon, 290 F.3d 869 (7th Cir. 2002).

[2] "Joe and Mary Walker" are the same pseudonyms employed by the Seventh Circuit. See Bohanon, 290 F.3d at 870.

1

"romantic interest" in Sharon Conner (also a pseudonym), the Walkers' niece, who lived with the Walkers. The Walkers disapproved of this development, told Bohanon this, and asked Bohanon not to come to their house while Mr. Walker was at work. At this point, Bohanon returned to Texas, where he had worked as a roofer.

Shortly thereafter, the Walkers and Conner began to receive letters from Bohanon. These letters are a part of the public record of the district court, and the Seventh Circuit has quoted several of these letters at length in its opinion affirming Bohanon's sentence. See Bohanon, 290 F.3d at 871-73. The court therefore declines to quote from these letters once again. Suffice it to say that the letters Bohanon wrote and mailed to the Walkers and Conner (of which there may have been nearly three hundred in number) were filled with sickening and pointedly threatening language.

In March 2001, Bohanon pled guilty to one count of mailing threatening communications, in violation of 18 U.S.C. § 876. The district court sentenced Bohanon to a forty-eight month term of imprisonment, followed by three years of supervised release. In reaching this decision, the district court enhanced Bohanon's sentence by eleven months, pursuant to the federal Sentencing Guidelines, finding that Bohanon had intended to carry out the threats, caused real psychological harm to his victims, and had made more than two threats. The Seventh Circuit affirmed this sentence in May 2002. Bohanon, 290 F.3d at 869.

In November 2002, Bohanon filed the present collateral attack on the length of his sentence. His motion raises three issues: (1) whether he suffered from diminished capacity at the time he wrote the letters; (2) whether the district court abused its discretion under the Sentencing Guidelines in enhancing his sentence; and (3) whether the district court should now lower his

2

sentence based on the supposed removal of two prior misdemeanors from his criminal record.

On June 30, 2003, Respondent, the United States of America ("Government"), filed a response to this § 2255 motion. The court ordered Bohanon to file a reply, if any, by July 16, 2003. See Minute Order of May 15, 2003. Bohanon did not reply to the Government's response. Bohanon's § 2255 motion is fully briefed and before the court.

## II. ANALYSIS

### A. Standard of Decision

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). The statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review evidence and draw all reasonable inferences from it in a light most favorable to the government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992).

Section 2255 petitions are subject to various bars, including that of procedural default.

3

Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir.1994)).

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). With these principles in mind, the court examines Bohanon's motion.

### B. Bohanon's Claim of Diminished Capacity

Bohanon asserts that at the time he wrote and mailed the letters to the Walkers he was suffering from "diminished capacity," stating, "I was, at the time, under some sort of dillusion [sic], believing these people to have cast a spell upon me through spiritual contact . . . . My mental state at the time was reduced due to a mental illness or delusion and caused me to be unable to exercise the power of reason in the situation." Mot. Under 28 U.S.C. § 2255, at 5. Bohanon then argues that under federal Sentencing Guideline § 5K2.13, his diminished capacity should have afforded him a lower sentence. However, Bohanon failed to raise this issue on direct appeal to the Seventh Circuit. The Seventh Circuit has explained the grounds of

4

Bohanon's appeal: "[Bohanon's] contentions are that the judge made findings which contradict the imposition of the enhancement, failed to explain clearly the reasons for the upward departure, and failed to link the extent of the departure to the structure of the guidelines." Bohanon, 290 F.3d at 874-75. Since Bohanon's claim of diminished capacity was not brought on direct appeal, and presents the court with no constitutional issue, it is therefore procedurally barred at this stage of the game. Broadway v. United States, 104 F.3d 910, 903 (7th Cir. 1997) ("non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review -- regardless of cause and prejudice . . . .").

### C. Bohanon's Claim that the District Court Abused its Discretion in Enhancing His Sentence Under the Sentencing Guidelines

Bohanon's second argument is that the district court failed to properly apply the Sentencing Guidelines to his case. Mot. Under 28 U.S.C. § 2255, at 5. Specifically, Bohanon asserts that since there is "no evidence that Mr. Bohanon's victims suffered any physical or lasting psychological injury as a result of Mr. Bohanon's threats . . ." the district court erred in enhancing his sentence under the Guidelines. Id. Bohanon failed to bring this claim on his direct appeal. This claim is therefore also procedurally barred. United States v. Redding, 104 F.3d 96, 99 n.3 (7th Cir. 1996) ("arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all . . . ."); see also Martin v. United States, 109 F.3d 1177, 1178 (7th Cir. 1996).

The Seventh Circuit has recognized that where there has been a "fundamental miscarriage of justice," it may be possible, in a § 2255 motion, to bring a claim that a district court failed to properly follow the Sentencing Guidelines. See Allen v. United States, 175 F.3d 560, 563 (7th Cir. 1999); see also Martin, 109 F.3d at 1178. Bohanon, however, has failed to allege that there

was a "fundamental miscarriage of justice" in his case. Moreover, the Seventh Circuit affirmed the sentence, calling the upward departure in sentencing "modest." Bohanon, 290 F.3d at 874. The exception for a "fundamental miscarriage of justice" therefore does not apply to this case.

### C. Bohanon's Claim that His Sentence Should be Lowered Due to His Changed Criminal Background

Finally, Bohanon argues that since a court in Dallas County, Texas has "discharged" two misdemeanor violations from his record, the district court should reduce his sentence in light of his now accurate criminal record. Mot. Under 28 U.S.C. § 2255, at 5. There are two problems with Bohanon's final argument. First, Bohanon provides no proof that a Texas court has removed any convictions from his record, nor does he inform the court as to when this supposedly occurred. See Gray-Bey v. United States, 156 F.3d 773, 739 (7th Cir. 1998) (§ 2255 petitions must be accompanied by proof of petitioner's allegations); see also Mitchell v. United States, 359 F.2d 833, 837 (7th Cir. 1966) ("concerning petitions under § 2255: specific facts should be alleged to support the claim . . . petitioner must show that he has proof of his allegations beyond unsupported assertions."). Second, Bohanon did not raise this issue on appeal. As discussed above, non-constitutional issues not raised on appeal are procedurally barred from being raised in § 2255 petitions. Broadway, 104 F.3d at 903. Bohanon's final argument in support of his § 2255 petition therefore fails.

### III. CONCLUSION

For the foregoing reasons, Bernard Bohanon's motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

ENTER:

*Charles R Norgle* (signature)

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 10-1-04